UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOXUN LIU,

              Plaintiff,

-against-

HEALTHFIRST, INC.,

              Defendant.

1:24-CV-6125 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Boxun Liu, who is proceeding *pro se*, filed this action asserting claims of false advertising, under the Lanham Act, 15 U.S.C. § 1125(a), as well as claims of violations of the Federal Trade Commission Act, 15 U.S.C. § 45. The Court also construes Plaintiff's complaint and supplement as asserting claims under state law, under the court's supplemental jurisdiction.[1] Plaintiff sues Healthfirst, Inc. ("Healthfirst"), and seeks damages and injunctive relief.

    By order dated September 3, 2024, the Court granted Plaintiff leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] After Plaintiff filed his complaint, he filed a letter with attached documents that, he claims, were translations of documents written in Chinese that are attached to his complaint. (ECF 4.) The Court construes that letter and its attachments as a supplement to the complaint.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*. at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint and in its supplement: In April 2023, a representative from Healthfirst "persuaded [Plaintiff] to join [its] 'one-stop service' [health insurance] plan, which included both Medicaid and Medicare coverage." (ECF 1, at 2.) The

2

representative told Plaintiff "that dental implants would be fully covered without the need for prior approval." (*Id.*) On December 28, 2023, Plaintiff experienced "severe tooth pain" such that his dentist recommended tooth extraction and dental implants. (*Id.*) Relying on the representative's assurances, Plaintiff had his dentist extract a tooth and submit a health insurance request to Healthfirst for dental implants on January 2, 2024; Healthfirst denied that request in early January 2024. Plaintiff administratively appealed that decision on January 14, 2024, but he was not successful.

In early January 2024, Plaintiff received a letter from Healthfirst informing him "that significant changes to dental coverage would take effect on January 31, 2024[;] . . . dental crowns and root canal treatments would be covered under certain conditions, and . . . dentures and implants would only require . . . Plaintiff's dentist's recommendation to determine necessity." (*Id.*)

Plaintiff was forced to seek treatment from another dentist because his original dentist refused to pursue the matter. Plaintiff's new dentist submitted another health insurance implant request on May 31, 2024, or on June 13, 2024, which was also denied. On June 25, 2024, Plaintiff appealed again, but his second appeal was also unsuccessful.

Plaintiff asserts that, "[a]s a result of Healthfirst['s] . . . misleading practices, [he] lost two molars on the right side, effectively losing the chewing function on that side." (*Id.* at 3.)

## DISCUSSION

A. **Claims under the Lanham Act**

Plaintiff asserts claims of false advertising under the Lanham Act. Under the relevant statutory provision:

> [a]ny person who, on or in connection with any goods or services . . . uses in commerce . . . any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or

3

> promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

The Supreme Court of the United States has held, however, that "to come within the zone of interests in a suit for false advertising under [Section] 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014). Thus, "[a] consumer who is hoodwinked into purchasing a disappointing product [or service] may well have an injury-in-fact cognizable under Article III [of the Constitution of the United States], but he cannot invoke the protection of the Lanham Act." *Id.* at 132; *see also Colligan v. Activities Club of N.Y., Ltd.*, 442 F.2d 686, 692 (2d Cir. 1971) ("Congress' purpose in enacting [this statutory provision] was to create a special and limited unfair competition remedy, virtually without regard for the interests of consumers generally and almost certainly without any consideration of consumer rights of action in particular." (footnote omitted)).

Plaintiff's false-advertising claims are precisely the type of consumer-protection claims that cannot be pursued under the Lanham Act; Plaintiff, a consumer, asserts claims arising from Healthfirst's alleged false advertising regarding coverage of insertion of dental implants, which, he alleges, he relied upon when getting a tooth extracted and seeking such implants. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **Claims under the Fair Trade Commission Act**

The Court must also dismiss Plaintiff's claims of violations of the Fair Trade Commission Act, 15 U.S.C. § 45. This is because there is no private right of action recognized as

4

existing under that statutory provision. *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237-38 (2d Cir. 1974). The Court therefore also dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.     Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   November 20, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge