UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOXUN LIU,<br><br>                    Plaintiff,<br><br>         -against-<br><br>HEALTHFIRST, INC.,<br><br>                    Defendant. | 1:24-CV-6125 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order and judgment issued and entered on November 20, 2024, the Court dismissed this *pro se* action. (ECF 11 & 12.) The Court dismissed Plaintiff's false-advertising claims brought under the Lanham Act and his claims brought under the Fair Trade Commission Act for failure to state a claim on which relief may be granted. (ECF 11, at 3-5.) To the extent that Plaintiff asserted claims under state law, the Court declined to consider them under its supplemental jurisdiction.[1] (*Id.* at 5.)

        On that same date, November 20, 2024, Plaintiff filed a "motion for settlement" with an accompanying proposed "settlement agreement." (ECF 13 & 14.)

        On December 10, 2024, Plaintiff filed a "motion for reconsideration," challenging the Court's dismissal of this action under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF 15.)

        Seven days later, on December 17, 2024, Plaintiff filed a motion for extension of time to file a notice of appeal, which the Court understands to be filed pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)").

---

[1] The Court offers no opinion as to merits of any claims under state law that Plaintiff may pursue in the state courts.

The Court liberally construes Plaintiff's "motion for reconsideration" as a motion to alter or amend the Court's November 20, 2024 judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and as a motion for relief from the Court's November 20, 2024 order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including] liberal construction of . . . papers[,] . . . relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." (citations omitted)).

For the reasons discussed below, the Court denies Plaintiff's Rule 59(e) and Rule 60(b) motions and, therefore, his "motion for settlement." In addition, for the reasons discussed below, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

## DISCUSSION

### A. Rule 59(e) relief

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (stating that such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a

dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling" (internal quotation marks and citation omitted)).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of his claims under the Lanham Act and the Fair Trade Commission Act and its declining to consider Plaintiff's claims under state law under its supplemental jurisdiction. In addition, as discussed above, the Court may not consider any new theories or consider any new allegations that Plaintiff may include in his motion. The Court therefore denies Plaintiff relief under Rule 59(e).

**B.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, but even under a liberal interpretation of his motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) applies. The Court therefore denies Plaintiff Rule 60(b) relief, to the extent that he seeks relief under Rule 60(b)(1) through (5).

In addition, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)

(quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985) (internal quotation marks omitted)). A Rule 60(b)(6) motion must show both that the motion was filed within a "'reasonable time'" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff does not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

**C.    Motion for settlement**

Because the Court has denied Plaintiff relief from the dismissal of this action under Rules 59(e) and 60(b), the Court denies Plaintiff's "motion for settlement."

**D.    Rule 4(a)(5) motion for extension of time to file a notice of appeal**

The Court understands Plaintiff's motion for an extension of time to file a notice of appeal as brought pursuant to Rule 4(a)(5). A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure ("Rule 4(a)(4)(A)"), however, if a party files, among other types of motions, a timely Rule 59(e) motion, or a Rule 60(b) motion within 28 days of the entry of the relevant order or judgment, the time to file a notice of appeal runs from the entry of the order disposing that motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

In an order and judgment dated and entered on November 20, 2024, the Court dismissed this action. (ECF 11 & 12.) Twenty (20) days later, on December 10, 2024, Plaintiff filed his "motion for reconsideration," which the Court has construed as a timely filed Rule 59(e) motion (because it was filed within 28 days of the entry of the judgment being challenged, *see* Fed. R.

4

Civ. P. 59(e)), and as a Rule 60(b) motion filed within 28 days of the entry of the order or judgment being challenged. Thus, under Rule 4(a)(4)(A), *the 30-day period for Plaintiff to file a timely notice of appeal does not begin to run until the entry of this order*, in which the Court has denied Plaintiff relief under Rules 59(e) and 60(b). *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary. *Plaintiff still has time to file a timely notice of appeal*.

## CONCLUSION

The Court construes Plaintiff's "motion for reconsideration" (ECF 15) as a motion for relief under 59(e) of the Federal Rules of Civil Procedure, and as a motion for relief under Rule 60(b) of the same rules. The Court denies those motions. Accordingly, the Court also denies Plaintiff's "motion for settlement." (ECF 13.)

The Court further understands Plaintiff's motion for an extension of time to file a notice of appeal (ECF 16) as such a motion brought pursuant to Rule 4(a)(5) of the Federal Rules of Civil Procedure. The Court denies that motion as unnecessary, as the applicable period for Plaintiff to file a timely notice of appeal begins to run upon the entry of this order. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 7, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge